**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:20CV-P292-CRS**

**BOBBYE JAQUIL DOUGLAS HALL**                                                              **PLAINTIFF**

**v.**

**LMDC** *et al.*                                                                                                    **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Bobbye JaQuil Douglas Hall filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on an initial review of the action pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will give Plaintiff an opportunity to amend his complaint.

### I. SUMMARY OF ALLEGATIONS

Plaintiff states that he is a convicted inmate at the Louisville Metro Department of Corrections (LMDC). He sues LMDC and the following four LMDC correctional officers in their individual and official capacities: F. Brist, W. Huff, R. Buran, and A. Bland.

Plaintiff states that on February 20, 2020,[1] he was locked in his cell for twenty-four hours "without my 1 hour out to use the shower or phone to call my public defender. And when I ask just for 20 mins to call my Public Defender I was denied that right." He continues, "I had also ask for toilet paper to use the bathroom an they made me wait 5 hrs to give me any." He maintains that when he asked to speak to a lieutenant or sergeant about his issues he was "denied by all the floor officers. 'Because they know they was wrong.'" He states, "It's now 5:05 pm an been in my cell lock up since 8:00 pm on 2/19/2020. When I ask when my next hr would be they told me it would be on 02/21/2020 @ 4:00 pm." Plaintiff continues, "'After I stated I hav'nt

---

[1] The Court notes that Plaintiff signed the complaint on February 23, 2020, and the complaint was received by the Court on April 22, 2020.

been out all day long.' Then said there's nothing they can do about it." He reports that he asked for a lieutenant or sergeant again and was denied.

Plaintiff further states, "To make matter's worse because of me asking to speak to a officer above them. They gave me my food @ 6:15 pm it was cold & had plaste in it that made me choke. And later that night poop blood out my butt." He continues, "At that time it happen I throw up an hit the button to get help or nurse. 'They ignored me an got no respons's.' I fear for my life in here with everyth going on behind the outside worlds back."

Plaintiff states, "After I was ignored an no response of my health. 'I stated to them I'm filing a lawsuit.' From then on I've been getting messed with even more. Unlawfully getting abused off camera & ignored by the correctional officer's." He continues as follows:

> I been in unsanitary living conditions for over 5 day's. Now got net's an roach's an the nets fly an staying in my hair. 'Because of the dirtyness of my cell.' I've had black spec's in my juice that hurts my kidneys it also hurts to pee. I also havn't had a clean jumped suit in a week even when asked.

Plaintiff also reports that his "mail has not been ran or it's late since I've told them I'm filing a lawsuit. For my rights being denied and broken." He states, "I have to have other inmate contact my attorney for me. Because they won't let me call thru the day or pull me for my hr out after business hour's."

Plaintiff states, "If I don't make it out of here alive or before this gets filed, I want my wife an attorney to get a copy . . . . Also if I get any funds in this case please give them to my wife . . . an my kids." He asserts, "I fear & was treateren by correctional officer's something bad will happen to me if I filed this form. All I want is justices an help. Please I fear for my safety on an off camera because they do things that are unseen." He states, "That why I fear they will kill me in here."

As relief, Plaintiff seeks compensatory damages and "release for illegal imprisonment."

Subsequent to filing the complaint, Plaintiff filed a letter (DN 8) in which he states that "the jail an correctional officer's have been retaliating on me." He states that since he filed this lawsuit he has been "picked on, my mail has been 2 weeks too late. Also my mail has been withheld like on many occasion." He states, "They don't want me to know my legal stuff regarding my case. Or have it[.]" He also asserts that "they make copies an go through my legal mail and don't have me sign the legal mail book. So I don't know if there's things or stuff you sent me. That has a deadline time to be turned in or remailed out." He states that he received a letter on June 5, 2020, that was sent on April 28, 2020. He states that he never had problems before he filed this case.

Plaintiff further states in the letter that he has been threatened by Defendant Buran and "kept an eye on by the officer's I've filed my case on." He states that they follow him "to intimidate me or use retaliation tacticts. To get me upset were they can harm me, put a charge or case on me to help there defent." He further asserts that that there have been more cases with "bleach or cleaner in my drinks I take from them. To the point I don't get or take no more juice from anyone." He also states that he was food poisoned and was denied medical treatment. He states that "for 4 ½ days I had to deal with pain, throwing up, fever, an just drunk water. Couldn't eat nothing and keep it down." He again states that he fears for his life.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604

(6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

Plaintiff makes a variety of claims, including claims concerning his conditions of confinement, legal mail, and retaliation. Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (a)(2). While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief,

4

Plaintiff must show how each Defendant is liable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976).

The complaint fails to state how any Defendant was personally involved in the actions alleged by Plaintiff. The only reference to any individual Defendant is in the letter filed after the complaint where Plaintiff alleges that he was threatened by Defendant Buran. However, before dismissing any claims or Defendants, the Court will give Plaintiff an opportunity to file an amended complaint stating specific factual allegations against each Defendant. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act]."). The Court further notes that Plaintiff complains about his medical treatment, but he does not name any medical staff members as Defendants to the action. The Court will also allow Plaintiff to amend the complaint to name any medical personnel whom he alleges caused him harm.

## IV.  ORDER

For the reasons set forth herein, **IT IS ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff shall file an amended complaint**. Plaintiff must state the specific factual allegations he believes support his claim against each individual Defendant. As to any claims of denial of medical treatment, he must name as Defendants the specific individual(s) whom he alleges caused him harm and state the specific allegations against any named individuals. Plaintiff must also tender a summons form for any newly-named Defendant. The amended complaint shall **supersede** the original complaint and letter (DN 8) filed subsequent to the complaint, and the Court will conduct an initial review of the amended complaint in accordance with 28 U.S.C. § 1915A.

The Clerk of Court is **DIRECTED** to place the instant case number and word "Amended" on a § 1983 complaint form, along with three summons forms, and send them to Plaintiff for his use.

**Plaintiff is WARNED that should he fail to file an amended complaint within 30 days, the Court will enter an Order dismissing the action for failure to comply with an Order of this Court.**

Date: June 24, 2020

                                                                                    Charles R. Simpson III, Senior Judge
                                                                                       United States District Court

cc:    Plaintiff, *pro se*
        Defendants
        Jefferson County Attorney
4411.010