# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:20CV-P292-CRS

**BOBBYE JAQUIL DOUGLAS HALL**  PLAINTIFF

v.

**LMDC** *et al.*  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Bobbye JaQuil Douglas Hall filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on an initial review of the amended complaint (DN 11)[1] pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will allow Plaintiff's retaliation claims to proceed and dismiss his other claims.

## I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff states that he is a convicted inmate at the Louisville Metro Department of Corrections (LMDC). He sues LMDC and the following four LMDC correctional officers in their individual capacities: F. Brist, W. Huff, R. Buran, and A. Bland.

Plaintiff states that he was locked in his cell after being moved by Defendant Buran and kept in his cell for "over 24 hrs without my hour out to use the shower or phone. To call my Public Defender William Wingo, and when I ask F. Brist just for 20 mins to call my Public Defender. 'He states that you would have to talk to the sergeant or SORT officer A. Bland.'" Plaintiff continues, "I asked F. Brist to do so then, never got a response and was denied that right."

---

[1] By prior Memorandum Opinion and Order (DN 9), the Court found that the original complaint failed to state how any Defendant was personally involved in the events alleged by Plaintiff and gave Plaintiff the opportunity to file an amended complaint stating specific factual allegations. The Court stated that the amended complaint would supersede the original complaint (DN 1) and subsequent letter (DN 8) filed by Plaintiff. Therefore, the Court conducts initial review of the amended complaint only.

Plaintiff also asserts that he asked Defendant Huff for toilet paper to use the bathroom but that Defendants Huff and Brist "made me wait 5 hrs to give me any." He maintains that he asked to speak to a lieutenant or sergeant about his issues, and that he "was denied by F. Brist, A. Bland because they know it was wrong and they was wrong." He states, "It's now later on in the day @5:05 pm an I ask when my next hour out would be. 'Because I've been lock up since 8 pm on 2/19/2020 today of these events was 2/20/2020.' They all told me it would be on 2/21/2020 at 4pm 'After Ive stated I haven't been out all day long . . . .'" Plaintiff continues, "'Then they said there's nothing they can do about it!'" He reports that he asked Defendants Brist and Bland again to speak to a lieutenant or sergeant and was denied.

Plaintiff further states, "To make matters worse because of me asking and asking to speak to a officer above them, F. Brist and A. Bland gave me my food @ 6:15 pm ruffly it was cold & had plaste in it. That made me choke then I pushed the emergency button in my cell to get a nurse or help." He states that he was ignored and got no response. He states, "Then later that night because of the plaste in my food I was pooping blood out my butt." He reports that he again hit the emergency button for help or a nurse and was ignored.

Plaintiff asserts that after the incident he told Defendants Brist, Bland, Buran, and Huff that he was going to file a lawsuit on this matter. He reports that Defendant Buran "stated to me to be careful what you say and adcuse me of because something bad could happen." Plaintiff states, "From then on I've been getting pick with even more by R. Buran, F. Brist, A. Bland when they are on shift on the floor, I am housed. Unlawfully getting abused off camera by R. Buran, A. Bland. Ignored by officers on there shift." He further states, "At chow time I have black specs or cleaner in my juice or something in my food." He continues as follows:

> I was an been in a unsanitary living conditions none livable conditions by law by LMDC Jail. I was in my cell for 5 days without being able to clean to the point I

2

> had nets that bit. In my hair staying in my hair. Also roaches in my living space many still do. Because of the dirtyness of my cell & jail. Then I haven't gotten a clean jumped suit in that week of 2/19/2020 thru 2/28/2020.

Plaintiff also reports that his "mail run by Mrs. Warner hasn't been ran or it's late since I've filed a grievance form & my lawsuit on the jail of LMDC. Also had to have other inmates in my same dorm contact my public defender for me."

Plaintiff states, "I fear for my life, health, safety with this ongoing case. Because I was treateren, pick with, hurt before and after filing my lawsuit case an in a none living conditions. 'Also things have happen to me already'!!"

As relief, Plaintiff seeks compensatory damages and "release for illegal imprisonment or release on parole."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint

3

in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

**A. LMDC**

With regard to Plaintiff's claim against LMDC, LMDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). Further, Louisville Metro Government is a "person" for purposes of § 1983. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). The Court therefore will construe the claim against LMDC as a claim brought against Louisville Metro Government.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). With regard to the second issue, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691;

*Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

Plaintiff does not allege that the action or inaction of any Defendant occurred as a result of a policy or custom implemented or endorsed by Louisville Metro Government. The complaint alleges isolated occurrences affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). Accordingly, Plaintiff's claim against LMDC will be dismissed for failure to state a claim upon which relief may be granted.

**B. Conditions of confinement**

Plaintiff states that he was housed for over twenty-four hours without an hour out to use the shower by Defendants Brist, Buran, and Bland; that he requested toilet paper from Defendant Huff but had to wait five hours to receive it; that he was not able to clean his cell for five days and consequently had nits in his hair and roaches in his cell; and that he did not receive a clean jumpsuit for nine days. The Eighth Amendment requires that "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). "Extreme deprivations are required to make out a conditions-of-confinement claim"

under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). An Eighth Amendment conditions-of-confinement claim has both an objective and subjective component: (1) a sufficiently grave deprivation of a basic human need; and (2) a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

The Court finds that Plaintiff's alleged conditions of a denial of a shower, toilet paper, and a clean jumpsuit were of a short duration and do not constitute a sufficiently grave deprivation to give rise to an Eighth Amendment violation. *See, e.g.*, *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (holding that allegations by inmate of denial of toilet paper, soap, running water, or the ability to shower for six days did not violate the Eighth Amendment); *Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003) (holding that allegations of denial of daily showers for six days one year and ten days the next year do not rise to constitutional magnitude); *Metcalf v. Veita*, No. 97-1691, 1998 U.S. App. LEXIS 18266, at *5 (6th Cir. Aug. 3, 1998) (holding that an eight-day denial of showers did not result in serious pain or offend contemporary standards of decency under the Eighth Amendment); *Rogers v. Mackie*, No. 1:20-cv-394, 2020 U.S. Dist. LEXIS 123999, at *19 (W.D. Mich. July 15, 2020) (denial of shower for thirty-six hours does not state an Eight Amendment claim); *Wiley v. Ky. Dep't of Corr.*, No. 11-97-HRW, 2012 U.S. Dist. LEXIS 166385, at *11 (E.D. Ky. Nov. 21, 2012) (finding that lack of running water, clean clothes, and linens for fourteen-day period did not state Eighth Amendment claim).

Likewise, Plaintiff's allegations concerning the presence of nits and roaches in his cell for five days are not sufficient to state an Eighth Amendment claim. *See, e.g.*, *Brown v. Withrow*, No. 92-1765, 1993 U.S. App. LEXIS 1724, at *3 (6th Cir. Jan. 22, 1993) (holding that rats, roaches, and ants in cell for four days, while unpleasant, was "not below the constitutional

6

standard of 'the minimal civilized measures of life's necessities'") (citation omitted); *Hancock v. Rowland*, No. 1:15-cv-00055, 2015 U.S Dist. LEXIS 95110 (M.D. Tenn. July 16, 2015) (allegation of infestation of spiders, rodents, lizards, and insects does not state an Eighth Amendment claim because no allegation of any injury or illness in connection with this condition); *Cable v. Wall*, No. 09-439 ML, 2010 U.S. Dist. LEXIS 37176, at *10 (D.R.I. Mar. 18, 2010) (allegations of ants, rodents, and mice in correctional facility not sufficiently serious to satisfy the objective component of the Eighth Amendment test, especially where the plaintiff has not alleged that he suffered, or will imminently suffer, any injury as a result of these conditions); *Fortson v. Kern*, No. 05-CV-73223-DT, 2005 U.S. Dist. LEXIS 38466 (E.D Mich. Dec. 19, 2005) (allegation of insect and rodent infestation does not state a constitutional claim).

Therefore, Plaintiff's claims concerning the conditions of his confinement must be dismissed for failure to state a claim.

## C. Denial of calls to public defender

Plaintiff also states that he was denied his request to call his public defender and that other inmates in his dorm contacted his public defender for him. The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right includes the right to communicate with one's criminal-defense attorney while incarcerated awaiting trial. *See Maine v. Moulton*, 474 U.S. 159, 170 (1985). However, Plaintiff does not allege that he did not have other means of communicating with his counsel, such as through letters or personal visits. *See Aswegan v. Henry*, 981 F.2d 313, 314 (8th Cir. 1992) ("Although prisoners have a constitutional right of meaningful access to the courts, prisoners do not have a right to any particular means of access, including unlimited telephone use.").


Moreover, to the extent Plaintiff's allegation could be construed as a claim of denial of access to the courts, to state such a claim, a prisoner must demonstrate actual prejudice to pending litigation that challenges his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996). Plaintiff has not alleged any prejudice from being unable call his attorney.

Therefore, Plaintiff's claim that he was denied access to call his public defender must be dismissed for failure to state a claim upon which relief may be granted.[2]

**D. Denial of medical treatment**

Plaintiff also states that he twice pressed the emergency button seeking medical help and received no response. However, he fails to name any Defendant whom he alleges is responsible. To state a claim for relief under § 1983, a plaintiff must allege how each defendant was personally involved in the acts about which the plaintiff complains. *Rizzo v. Goode*, 423 U.S. 362, 375 (1976). Because Plaintiff fails to identify any Defendant who was personally involved in denying him medical attention, the claim must be dismissed for failure to state a claim upon which relief may be granted.[3]

**E. Release**

With regard to Plaintiff's request for release, release from custody is not an available remedy under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994). An inmate may only seek release from custody through a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411

---

[2] Plaintiff also states briefly that Mrs. Warner has not run his mail or has made his mail late. However, he does not name Mrs. Warner as a Defendant, and the Court will therefore not address the allegation herein.

[3] Plaintiff filed a letter (DN 10) stating that he did not know the identity of the medical personnel who denied him treatment. Plaintiff may identify the medical or non-medical personnel whom he alleges denied him treatment through discovery in this action and may file a motion to amend the complaint to sue the individuals if he so chooses.

U.S. 475, 500 (1973).  Therefore, Plaintiff's request for release from custody will be dismissed for failure to state a claim upon which relief may be granted.

### F.  Retaliation

Plaintiff alleges Defendants Brist, Buran, and Bland retaliated against him for complaining about jail conditions and telling them he was going to file a lawsuit.  Upon review, the Court will allow Plaintiff's retaliation claims to proceed against these Defendants.  In allowing the claim to proceed, the Court passes no judgment on the outcome or ultimate merit.

### IV.  ORDER

**IT IS ORDERED** that the claims against LMDC, the conditions-of-confinement claims, claim based on Plaintiff's inability to call his public defender, claim for denial of medical treatment, and claim for release from custody are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) because the claims fail to state a claim upon which relief may be granted.

As there are no continuing claims against Defendant Huff, the Clerk of Court is **DIRECTED to terminate Defendant Huff** as a party to this action.

The Court will enter a separate Order governing the claims which will proceed.

Date:   January 5, 2021

Charles R. Simpson III, Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
        Jefferson County Attorney
4411.010